No. 97.—MAY & STOKES, plaintiffs in error, *vs.* WM. A. RAW-SON, JAMES A. THORNTON and THOMAS THORNTON, defendants in error.

[1.] If a mortgagor die insolvent, and there is no administration on his estate, and the equity of redemption has been sold, the mortgagee may proceed to foreclose, in equity, against such purchaser and his vendees.

[2.] The purchasers of the equity of redemption, are authorized to defend against the mortgagor; and the heirs at law, not being parties, are not concluded by the proceeding.

Foreclosure of mortgage, in Equity, in Stewart Superior Court. Tried before Judge Kiddoo, at October Term, 1856.

This bill was filed by May & Stokes against William A. Rawson, James A. Thornton and Thomas Thornton.

The bill alleges that about the 4th April, 1853, William Alday deing indebted to complainants, May & Stokes, the sum of three hundred and forty-one dollars and sixteen cents. by promissory note, for the better securing the payment thereof, executed to them a mortgage on the south half of lot of land No. 78, and twenty-five acres of the south-east corner of lot No. 83, in the county of Stewart, amounting in the aggregate to 125 acres. That after the execution of said mort-

gage, Alday became insolvent, and sundry judgments were obtained against him at the suit of William A. Rawson. That by virtue of *fi fas* issued upon said judgements, the lands mortgaged as aforesaid to complainants, were levied upon and sold by the Sheriff of said county, and said William A. Rawson became the purchaser, at the price of fifty dollars. That said land was sold subject to the incumbrance of complainants' mortgage—they having at the time of said sale given public notice thereof, and Rawson, consequently, bought only Alday's equity of redemption. That said sale was made on 1st Tuesday of May, 1854. That Rawson went into possession of the premises, and afterwards sold the same to James A. Thornton, who now has possession by his tenant, Thomas Thornton.

The bill further alleges, that at the October Term, 1854, of Stewart Superior Court, complainants filed their petition for the foreclosure of the mortgage, as provided by statute, and obtained the usual *rule nisi* against said Alday. That before said rule was served, and during the same term of said Court, Alday died:—That his estate is utterly insolvent, and no administration has been taken out upon it—and that the only means of obtaining payment and satisfaction of their debt is out of the mortgaged premises. The bill prays a foreclosure, &c., and process against said William A. Rawson, James A. Thornton, and Thomas Thornton.

To this bill, defendants demurred, for want of equity, and proper parties.

The Court sustained the demurrer, and ordered the bill to be dismissed. Whereupon, complainants' solicitor excepted and assigns error thereon.

Tucker & Beall, for plaintiffs in error.

B. S. Worrill, for defendants in error.

May & Stokes vs. Rawson, et al.

*By the Court.*—McDONALD, J. delivering the opinion.

We think that the facts stated in the bill are sufficient to give a Court of Equity jurisdiction in this case.

[1.] The mortgagor's equity of redemption was levied on and sold. William A. Rawson, one of the defendants became the purchaser. Afterwards a foreclosure of the mortgage was commenced in the proper Court, but before the *rule nisi* was served, the mortgagor died. His death arrested that proceeding.

The mortgagor died insolvent. There is no administration on his estate, and there will be none. Such are the charges in the bill, admitted by the demurrer to be true.

The defendant, Rawson, and his vendees stand in the place of the mortgagee, if the sale of the mortgaged premises was regular and fair, which is to be presumed, as nothing is averred to the contrary. If alive, it would, perhaps, be proper to make him a party, but as he is dead, and his estate insolvent, and unrepresented, and his estate, nor his heirs, if any, no longer having any interest in the subject matter of the suit, there can be no sufficient reason for delaying the mortgagees in their bill to foreclose for the want of an administration.

The remedy at law is inadequate, as there is no possibility of complying with the requisitions of the statute of foreclosure.

[2.] The defendants have every opportunity of defence against the mortgage, if there be any valid objection to the mortgage; and if the heirs at law of the mortgagor have a meritorious defence against the mortgage, they, not being parties to this proceeding, may, perhaps, be heard.

Let the judgment of the Court below be reversed.

Judgment reversed.